**ALEXANDER B. CVITAN** (SBN 81746),
(Email: alc@rac-law.com)
**MARSHA M. HAMASAKI** (SBN 102720),
(Email: marshah@rac-law.com)
**PETER A. HUTCHINSON** (SBN 225399), Members of
(Email: peterh@rac-law.com)
**REICH, ADELL & CVITAN, A Professional Law Corporation**
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860; Facsimile: (213) 386-5583

Attorneys for Plaintiff Construction Laborers Trust Funds
For Southern California Administrative Company, LLC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ULTRA UTILITY SERVICES, INC., a California corporation,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>1) **CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS;**<br>2) **FOR SPECIFIC PERFORMANCE COMPELLING AN AUDIT**<br><br>[29 U.S.C. §§ 185(a), 1132(g)(2) & 1145] |

Plaintiff alleges as follows:

INTRODUCTION

1. This action is brought by a fiduciary administrator on behalf of employee benefit plans to collect contributions due such plans, and to compel an employer to submit its records for a complete audit in accordance with the terms and conditions of the plans, the collective bargaining agreement between the employer and a labor organization, and pursuant to statutes, as well as for breach of fiduciary duty to the

-1-

342688.1

plans.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1132 and 1145 and Section 301(a) of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185(a). Venue is proper in this district in that the employee benefit plans are administered and breach took place within this district.

## PARTIES

3. Plaintiff CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY ("CLTF") is a Delaware limited liability company, with its principal place of business in this District. CLTF is the administrator and agent for collection of several employee benefit plans, and a fiduciary as to those plans, including the Laborers Health And Welfare Trust Fund For Southern California, Construction Laborers Pension Trust For Southern California, Construction Laborers Vacation Trust For Southern California, Laborers Training And Re-Training Trust Fund For Southern California, Center For Contract Compliance, Construction Industry Advisory Group Trust; Laborers' Trusts Administrative Trust Fund For Southern California, and Horizontal Directional Drilling Training Trust Fund for Southern California (collectively "TRUST FUNDS"). Each are express trusts and were created by written agreements and are employee benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3) and multi-employer plans within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). The TRUST FUNDS are jointly-managed trusts in accordance with LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), created pursuant to collective bargaining agreements dents between the Southern California District Council of Laborers and its Affiliated Locals, including Local No. 1309 ("UNION") and various

employers. The TRUST FUNDS are administered in the County of Los Angeles, State of California. CLTF brings this action as a fiduciary on behalf of the TRUST FUNDS.

4. CLTF is a fiduciary as to the Trust Funds, in that it:

    A. Exercises discretionary authority or discretionary control respecting the collection of delinquent (or possibly delinquent) contributions to the Trust Funds, including but not limited to discretion in auditing employers, deciding what claims to assert, acting as agent of the Trust Funds in asserting claims, waiving liquidated damages, settling claims, and releasing claims; and

    B. Exercises authority or control respecting management or disposition of assets of the Trust Funds, including but not limited to, receiving delinquent contributions collected and holding them in a bank account in its own name over which it has check-writing authority, and then exercising discretion in allocating those assets among the different Trust Funds, different participants, different time periods and different jobs.

5. Plaintiff is informed and believes and thereon alleges that Defendant, ULTRA UTILITY SERVICES, INC. ("EMPLOYER"), is a corporation organized and existing under and by virtue of the laws of the State of California with its principal place of business in the City of Norco, County of Riverside, State of California.

### OTHERS

6. The Southern California District Council of Laborers and its affiliated Local Unions, including Local No. 1184 (collectively "UNION") is, and at all relevant times was, a labor organization representing employees affecting interstate commerce. The UNION is not a party to this action.

/ /

/ /

-3-

342688.1

# FIRST CLAIM FOR RELIEF
## CONTRIBUTIONS OWED TO THE TRUST FUNDS
## (AGAINST EMPLOYER)
## [29 U.S.C. §§ 185 and 1145]

7.  Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 6, above.

### AGREEMENTS

8.  At all times mentioned, EMPLOYER was and continues to be signatory to written Collective Bargaining Agreements with the UNION, having executed a Laborers Horizontal Directional Drilling Agreement on or about February 3, 2017; ("HDD Agreement") with the UNION.

9.  Pursuant to the HDD Agreement EMPLOYER became obligated to all the terms and conditions of the various Trust Agreements which created each of the TRUST FUNDS as they may be constituted in their original form or as they may be subsequently amended.  The referenced Agreements will be collectively referred to as "AGREEMENTS".  The AGREEMENTS obligate EMPLOYER to pay fringe benefit contributions at the rates set forth in the AGREEMENTS for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS ("MONTHLY CONTRIBUTIONS").  The EMPLOYER is additionally required to submit reports on a monthly basis ("MONTHLY REPORTS") with these MONTHLY CONTRIBUTIONS, detailing the name, address, social security number and hours worked that month for each employee covered by the AGREEMENTS and those MONTHLY REPORTS are required to be submitted even where there are no employees to report for the reporting period.  The TRUST FUNDS depend on the truth and accuracy of this information, in order to not only determine the correct amount of MONTHLY CONTRIBUTIONS due, but to fulfill their own fiduciary duties to properly credit participants towards the

benefits provided by the TRUST FUNDS. Those MONTHLY CONTRIBUTIONS constitute assets of the TRUST FUNDS, pursuant to the terms of the AGREEMENTS and applicable law, from the time they are due and can be reasonably segregated from other funds. The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements.

10. By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(C), EMPLOYER is obligated to pay to the TRUST FUNDS, as and for liquidated damages for detriment caused by the failure of EMPLOYER to pay fringe benefit MONTHLY CONTRIBUTIONS in a timely manner, a sum equal to $25.00 or twenty percent (20%) of the unpaid MONTHLY CONTRIBUTIONS whichever is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is required to contribute and interest on the unpaid MONTHLY CONTRIBUTIONS at rates established pursuant to the AGREEMENTS from their respective due dates.

11. By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is obligated for payment of interest on delinquent MONTHLY CONTRIBUTIONS from the due date of the contribution through the payment date of the contribution, at the per annum rate of five percent (5%) over the rate set by the Federal Reserve Board at San Francisco, California, effective on the date each contribution is due. The current plan rate of interest on the MONTHLY CONTRIBUTIONS is 7.50% per annum.

12. The AGREEMENTS obligate EMPLOYER, and any of its subcontractors or lower-tiered subcontractors, to subcontract work covered under the Agreements to those subcontractors who are parties to Collective Bargaining Agreements with the UNION, and failure to do so will result in damages to the TRUST FUNDS and EMPLOYER will be financially obligated to the TRUST FUNDS for the damages caused therefrom, including amounts measured by the fringe benefit contributions, liquidated damages, and interest that would be owed by the subcontractor if signatory to

342688.1

the AGREEMENT.

13. The AGREEMENTS further provide that if EMPLOYER subcontracts work to and/or if its subcontractor(s) or lower-tiered subcontractors, subcontracts work covered under the AGREEMENTS to any subcontractor who is delinquent in its obligations to the TRUST FUNDS under its AGREEMENTS, then EMPLOYER will be financially obligated to the TRUST FUNDS for the amounts owed by said delinquent subcontractor, including any fringe benefits, liquidated damages and interest owed.

14. The AGREEMENTS provide the TRUST FUNDS with specific authority to examine and copy all of EMPLOYER'S payroll and business records which may be pertinent to determining whether EMPLOYER has reported all hours worked (or paid for) by employees who perform services covered under the AGREEMENTS and has paid the appropriate MONTHLY CONTRIBUTIONS to the TRUST FUNDS, and that the EMPLOYER shall be responsible for the costs of such audit.

## BREACH OF AGREEMENTS

15. Plaintiff is informed and believes and based on such information and belief alleges that EMPLOYER employed workers who performed services covered by the AGREEMENTS and failed to pay the rates specified in the AGREEMENTS to TRUST FUNDS on behalf of those workers for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS.  Due to EMPLOYER'S failure to submit Monthly Reports since May 2017 and EMPLOYER'S refusal or failure to comply with an audit by the TRUST FUNDS and its continuing monthly reporting and payment obligations under the AGREEMENTS, additional amounts may be discovered and become due and owing by EMPLOYER which cannot ascertained at this time.  Said amounts will be established by proof at the trial or other hearing.

16. All conditions to EMPLOYER'S obligations to make payments under the AGREEMENTS have been met.

342688.1

## DAMAGES

17. As a result of EMPLOYER'S failure to comply with the reporting obligations of the AGREEMENTS, Plaintiff is informed and believes and thereupon alleges that there is now owing and unpaid to the TRUST FUNDS from EMPLOYER, during the period from May 2017 through July 2018, damages in the sum of at least $3,800.00, as well as any additional damages including MONTHLY CONTRIBUTIONS, subcontracting violations, liquidated damages, audit fees and interest on the additional amounts owed at the plan rate(s) according to proof at the time of trial or other hearing.

18. The failure of the EMPLOYER to pay MONTHLY CONTRIBUTIONS when due causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify.  This may include the cost of collecting the MONTHLY CONTRIBUTIONS from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late MONTHLY CONTRIBUTIONS, the temporary loss of insurance coverage by employees (even if later restored) and medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay MONTHLY CONTRIBUTIONS.  The liquidated damages provision of the AGREEMENTS was meant to compensate for this unquantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees.  The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages.  In this case, they have exercised their discretion by declining to waive any liquidated damages.

19. It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the AGREEMENTS which provide that in the event litigation is necessary with respect to any of the fringe benefit MONTHLY CONTRIBUTIONS and/or damages against EMPLOYER, then EMPLOYER would pay

reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

20. Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the TRUST FUNDS not only for the amount of delinquent MONTHLY CONTRIBUTIONS but also (a) for pre-judgment and post-judgment interest on the delinquent sums (as provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

## SECOND CLAIM FOR RELIEF
## SPECIFIC PERFORMANCE COMPELLING AUDIT
## (AGAINST EMPLOYER)

21. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. Plaintiff's claim herein is for specific performance of the AGREEMENTS.

23. Pursuant to the AGREEMENTS and 29 U.S.C. § 1059(a)(1), the TRUST FUNDS have specific authority to examine the payroll and business records of employers, including the EMPLOYER, to determine whether they have reported and paid contributions on all hours worked by (or paid for) their employees who perform work covered under the AGREEMENTS, and whether they have otherwise abided by the payment obligations of the AGREEMENTS. The AGREEMENTS further provide that employers, including the EMPLOYER, shall pay the TRUST FUNDS' attorney's fees if legal action is necessary to compel the audit, and audit fees to complete the audit of EMPLOYER'S records and the TRUST FUNDS have delegated the authority to perform such audits to Plaintiff.

24. Plaintiff has requested access to EMPLOYER'S payroll and business

342688.1

records for the purpose of conducting an audit; however, EMPLOYER has failed and/or refused to allow the TRUST FUNDS a complete audit of its payroll and business records on all projects worked on by EMPLOYER covered by the AGREEMENTS from February 3, 2017 to the date of the audit.

25. The TRUST FUNDS have no adequate or speedy remedy at law in that EMPLOYER refuses to comply with the audit of all payroll and business records to complete the audit. Plaintiff therefore respectfully requests that the Court exercise its authority under 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3) to order the EMPLOYER to comply with its obligation under the AGREEMENTS and ERISA to produce its books and records in order for Plaintiff to complete the audit to determine EMPLOYER'S compliance with its reporting and payment obligations under the AGREEMENTS and ERISA.

26. Upon completion of the audit sought herein, Plaintiff will seek recovery of any delinquent contributions found due, as well as liquidated damages, audit costs, other damages, interest in addition to attorneys' fees and costs as provided for by AGREEMENTS and under sections 502(g)(1) and/or (g)(2) of ERISA (29 U.S.C. §§ 1132(g)(1) and/or 1132(g)(2).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF**

1. For the sum of $3,850.00 in damages for EMPLOYER'S failure to submit Monthly Reports;

2. For amounts found due and owing by EMPLOYER including MONTHLY CONTRIBUTIONS, liquidated damages, audit fees and interest on the unpaid MONTHLY CONTRIBUTIONS, plus attorney's fees and costs incurred by the TRUST FUNDS pursuant to the AGREEMENTS and 29 U.S.C. §§ 1132(g)(2) and 1145, according to proof at the time of trial and/or other hearing.

3. For such other and further relief as the Court deems proper.

### **FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF**

1. That EMPLOYER, its managing officers, including EMPLOYER'S Chief Financial Officer and RMO, Joshua David Rydbeck, EMPLOYER'S accountants, managing officers, managing employees, agents, and all persons acting by, through, or in concert with the EMPLOYER, be compelled to forthwith submit to an audit of EMPLOYER'S payroll and business records on all projects worked on from February 3, 2017 to the date of the audit and that EMPLOYER produce the following payroll and business records to the TRUST FUNDS for inspection, examination and copying:

    1.1. All payroll and employee documents including, but not limited to, EMPLOYER'S payroll journals, employees earning records, certified payrolls, payroll check books and stubs, canceled payroll checks, payroll time cards, state and federal payroll tax returns, labor distribution journals and any other documents reflecting the number of hours which EMPLOYER'S employees worked, their names, social security numbers, addresses and job classifications on the project on which the employees performed their work.

    1.2. The project files including all documents, agreements and contracts between EMPLOYER and any general contractor, subcontractor, builder and/or developer, field records, job records, notices, project logs, supervisor's diaries or notes, employees diaries, memorandum, releases and any other documents which related to the supervision of EMPLOYER'S employees on the projects on which they performed their work.

    1.3. All EMPLOYER'S documents related to cash receipts including but not limited to, the cash receipts journals, accounts receivable journal, accounts receivable subsidiary ledgers and billing invoices

342688.1

relating to the projects worked on under the AGREEMENTS.

  1.4. All EMPLOYER'S bank statements for all checking, and savings accounts relating to projects worked on under the AGREEMENTS.

  1.5. All EMPLOYER'S documents related to cash disbursements, including but not limited to, vendors' invoices, cash disbursement journal, accounts payable journals, check registers and all other documents which indicate cash disbursements relating to the projects worked on under the AGREEMENTS.

  1.6. All collective bargaining agreements between EMPLOYER and any trade union and all Monthly Report Forms submitted by EMPLOYER to any union trust fund.

2. For any delinquent MONTHLY CONTRIBUTIONS, liquidated damages, interests, audit costs, attorneys' fees and costs as required by the agreements and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2);

3. For reasonable attorney's fees;

4. For TRUST FUNDS' costs of suit herein; and

5. For such other and further relief as the Court deems proper.

Respectfully Submitted,

DATED:  August 28, 2018

ALEXANDER B. CVITAN,
MARSHA M. HAMASAKI, and
PETER A. HUTCHINSON, Members of
REICH, ADELL & CVITAN
A Professional Law Corporation


By   /s/ Marsha M. Hamasaki
MARSHA M. HAMASAKI
Attorneys for Plaintiff

342688.1